OPINION
Defendant-appellant Joseph Butts appeals the January 25, 1999 Sentencing Judgment Entry of the Licking County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On November 18, 1998, at approximately 5:50 p.m., Mr. Richard Tyhurst and his wife of fifty-four years, Mrs. Eleanor Tyhurst, had just left Newlon's Restaurant in Newark, Ohio. The couple started to cross E. Main Street, headed toward their car parked across the street. Mrs. Tyhurst was carrying a cherry pie. Before the couple reached the other side of the street, appellant, who was driving a vehicle while intoxicated and speeding down Main Street, hit Mrs. Tyhurst with the front right end of his vehicle. Mrs. Tyhurst was thrown forty-nine feet from the point of impact with appellant's car. Appellant kept going. Witnesses at the scene called paramedics and the police. When the emergency crews arrived, Mrs. Tyhurst had no vital signs. Although the paramedics succeeded in resuscitating Mrs. Tyhurst, she was pronounced dead upon arrival at the hospital. The witnesses at the scene were unable to identify the driver of the vehicle or to provide the police with a license plate number. That night, appellant was scheduled to be at his new job at Meijer's at 5:00. After the collision, appellant went to work, although he was over an hour late. His manager and coworkers found him jovial but slightly jittery. After work, appellant went home and went to bed. The next day, officers conducted a door to door canvas of the houses and businesses around the accident site. After talking to a bartender at a local bar, the officers were able to get appellant's name and address. When appellant awoke, his mother asked him about what appeared to be cherry pie on the passenger door of his car. Appellant told his mother he did not know what it was. In fact, the stains were Mrs. Tyhurst's blood, mixed with the remnants of the cherry pie she had been carrying. Appellant did not call the police. Instead, he took a shower, ate something and then decided to clean his car. He took a rag from his garage, wiped off the cherry pie and blood, and threw the rag into a nearby dumpster. Later that day, appellant overheard Mrs. Tyhurst died as a result of the collision. Instead of calling the police, appellant purchased two cans of spray paint and drove his car to his father's house. Appellant asked his brother, who lived with their father, to help him paint the car. Appellant later admitted he wanted to paint the car to conceal any evidence of his involvement in the fatal hit and run collision. The police arrived at appellant's house and received information appellant was visiting his brother. When the police finally tracked appellant down at his father's house, appellant confessed to hitting a woman with his car and then leaving the scene of the accident. On December 3, 1998, appellant was indicted for nine offenses: aggravated vehicular homicide in violation of R.C. Section 2903.06(A); involuntary manslaughter in violation of R.C. Section 2903.04(B); driving under the influence in violation of R.C. 4511.19(A)(1); reckless operation in violation of R.C. 4511.20; driving under suspension in violation of R.C. Section 4507.02(D)(1); failure to stop after an accident in violation of R.C. Section 4549.02; operating a motor vehicle without reasonable control in violation of R.C. Section 4511.202; tampering with evidence in violation of R.C. 2921.12(A)(1); and possession of marihuana in violation of R.C. Section 2925.11(A)(C)(3)(a). On December 7, 1998, appellant entered pleas of not guilty to each count. On January 22, 1999, appellant withdrew his pleas of not guilty and entered pleas of no contest to each of the counts. The trial court accepted the pleas, convicted appellant of each count, and proceeded to sentencing. In a January 25, 1999 Judgment Entry, the trial court memorialized the January 22, 1999 convictions and sentenced appellant to five years in prison on the aggravated vehicular homicide, and five years in prison on involuntary manslaughter, running the terms concurrently to each other but consecutively to another five year prison sentence for tampering with evidence. The trial court imposed concurrent six month jail terms for driving under the influence, and driving under suspension, with an additional driver's license suspension on each count. These concurrent terms were ordered to be served consecutively to a six month jail term for failure to stop after an accident. The trial court fined appellant $100 for reckless operation, $1000 for driving under suspension, $100 for operating a motor vehicle without reasonable control and $100 for possession of marihuana. Finally, the trial court permanently and irrevocably revoked appellant's driver's license. It is from the January 25, 1999 Judgment Entry appellant prosecutes this appeal assigning the following as error:
 I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN IMPOSING CONSECUTIVE SENTENCES.
 II. THE TRIAL COURT COMMITTED HARMFUL ERROR IN IMPOSING MAXIMUM SENTENCES.
 III. THE TRIAL COURT COMMITTED HARMFUL ERROR IN CONVICTING AND SENTENCING THE DEFENDANT-APPELLANT ON BOTH THE AGGRAVATED VEHICULAR HOMICIDE AND INVOLUNTARY MANSLAUGHTER COUNTS OF THE INDICTMENT.
 IV. THE FAILURE OF TRIAL COUNSEL TO OBJECT TO THE CONVICTION AND SENTENCING OF MR. BUTTS ON BOTH THE AGGRAVATED VEHICULAR HOMICIDE COUNT AND THE INVOLUNTARY MANSLAUGHTER COUNT OF THE INDICTMENT DENIED THE DEFENDANT-APPELLANT HIS CONSTITUTIONAL RIGHTS TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
 I
In his first assignment of error, appellant contends the trial court erred in imposing consecutive sentences without first making certain explicit findings pursuant to R.C. 2929.14(E). Specifically, appellant argues the trial court failed to make a finding the consecutive terms were not "disproportionate to the offender's conduct and to the danger the offender posses to the public" pursuant to R.C. 2929.14(E)(4). We agree. R.C. 2929.14, which addresses the imposition of consecutive prison terms, requires a trial court to make certain findings: (E)(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the count may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
(Emphasis added).
A review of the record in the case sub judice indicates the trial court did not make findings required by R.C. 2929.14(E)(4) prior to imposing consecutive sentences. In its July 25, 1999 Judgment Entry the trial court stated: The Court, in determining that consecutive sentences are appropriate, finds that the Defendant was under community control when the offenses were committed; the harm was so great and unusual; the Defendant's criminal history requires consecutive sentences, and consecutive sentences are necessary to fulfill the purposes of O.R.C. Section 2929.11. Because the trial court failed to find consecutive sentences were necessary to protect the public from future crime or to punish the offender, and failed to find consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, appellant's first assignment of error is sustained. The statute is specific in permitting consecutive sentences only upon certain findings. While we see evidence in the record which could support such a finding, it is the province of the trial court to make any such finding. Accordingly, while the convictions are affirmed, the consecutive five year prison terms are hereby vacated, and the matter is remanded to the trial court for resentencing in accordance with law and this Opinion.
 II
In his second assignment of error, appellant argues the trial court erred in imposing maximum sentences. Specifically, appellant contends the record does not support a finding appellant committed one the worst forms of the offenses, or posed the greatest likelihood of committing future crimes. We disagree. R.C.2929.14(C), which allows a trial court to impose maximum sentences, provides in pertinent part: (C) * * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders * * *
As a preliminary matter, we note we read this statute in the disjunctive. Accordingly, a maximum sentence may be imposed if the trial court finds any of the above-listed offender categories apply.
Standard of Review
As a preliminary matter, we note we no longer review sentencing under an abuse of discretion standard. After 1995 Senate Bill 2, an appellate court's review of an appeal from a sentence was modified. R.C. 2953.08 provides, in pertinent part: (G)(1) The court hearing an appeal of a sentence * * * may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds any of the following:
(a) That the record does not support the sentence;
 * * * (d) That the sentence is otherwise contrary to law.
Accordingly, we review the sentence under the new guidelines. In reviewing a sentence on appeal, R.C. 2953.08(F) sets forth the record this Court must review. It provides in pertinent part: (F) On the appeal of a sentence under this section, the record to be reviewed shall include all of the following, as applicable:
 (1) Any presentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed. * * *
 (2) The trial record in the case in which the sentence was imposed;
 (3) Any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed.
 (4) Any written findings that the court was required to make in connection with the modification of the sentence pursuant to judicial release under division (H) of section 2929.20 of the Revised Code.
Appellant first argues because he admitted his actions to the police and entered a plea of no contest to each of the offenses charged in the indictment, he cannot have committed one of the "worst forms of the offense." We do not agree. The "worst forms" of the offenses occurred when appellant ran down a pedestrian while driving under suspension and under the influence of alcohol; appellant left a seriously injured victim, and then attempted to conceal his involvement by tampering with and destroying evidence. The fact appellant subsequently plead no contest to the charges against him does not bear on whether or not he committed one of the "worst forms" of the offense. Appellant actions after the offenses may be considered in the overall imposition of sentence, but they have no relevance on the trial court's finding under R.C.2929.14(C). Because we find the trial court's finding appellant committed one of the worst forms of the offenses was supported by the record, the first portion of appellant's second assignment of error is overruled. Appellant next argues the trial court erred in finding he was an offender who posed "the greatest likelihood of committing future crimes" because the trial court failed to consider he suffered from alcoholism, and that he had never been to prison before. Appellant committed these offenses while on community control for a previous DUI conviction. Even though he was without driving privileges due to the previous DUI, appellant drove on this night after consuming alcohol. The evidence supported the trial court's conclusion appellant would act the same way again if given the opportunity. We find the trial court's finding appellant posed the greatest likelihood of recidivism was supported by the record. Appellant's second assignment of error is overruled.
 III IV
In its brief to this Court, appellee concedes aggravated vehicular homicide and involuntary manslaughter are allied offenses of similar import. (Appellee's Brief at 6). Following appellee's recommendation, we affirm the convictions on both charges, but vacate the sentences thereon, and remand the case to the trial court so ". . . the State can elect to have appellant sentenced on one of the two charges." (Appellee's Brief at 6). Appellant's third and fourth assignments of error are sustained.
The judgment of the Licking County Court of Common Pleas is hereby affirmed in part, vacated in part and remanded for further proceedings consistent with this opinion and law.
Hoffman, J. Wise, P.J. and Gwin, J. concur.